IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ] | Hon. Leonie M. Brinkema, U.S.D.J. |
| Plaintiff | ] | |
| v. | ] | No. 1:19-cr-334 |
| ERIC YONG WOO, et al. | ] | <u>Criminal Action</u> |
| Defendant. | ] | |
| | ] | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR RELEASE PENDING TRIAL**

Patrick A. Mullin, Esq.
The Law Offices of Patrick A. Mullin
45 Rockefeller Plaza, Suite 2000
New York, New York 10111
T:(212)639-1600
F:(201)242-9610
Mullin@Taxdefense.com
Attorney for Defendant, Eric Yong Woo

## PRELIMINARY STATEMENT/STATEMENT OF FACTS

Defendant Eric Yong Woo ("Mr. Woo" and "Defendant"), by and through counsel, files this motion pursuant to 18 U.S.C. §§ 3142 and 3145, seeking *de novo* review of the detention order entered in the United States District Court for the Central District of California dated October 6, 2020 ("October 6, 2020 Detention Order"), as well as release from detention pending trial in this matter.

A Superseding Indictment ("Superseding Indictment") was brought against Mr. Woo and another five (5) co-defendants in this matter on September 24, 2020 before the United States District Court for the Eastern District of Virginia in Alexandria, Virginia. *See*, Dkt. 88. The Superseding Indictment brings fourteen (14) Counts of allegations, encompassing distribution of cocaine, money laundering, identity fraud, and bribery. Mr. Woo was charged with only one (1) Count among the fourteen (14) Counts of allegations, which is Count three (3), Conspiracy to Engage in Money Laundering in violation of 18 U.S.C. § 1956.

Mr. Woo was arrested on or around September 29, 2020 at his residence in Los Angeles, California, pursuant to an arrest warrant issued by the United States District Court for the Eastern District of Virginia on September 24, 2020. *See*, Dkt. 190.

An initial appearance was conducted before the United States District Court for the Central District of California on September 30, 2020 and a detention hearing was conducted before the same court on October 6, 2020, the records of which are currently under seal. Mr. Woo was ordered detained following the hearing, awaiting to be transferred to Alexandria, Virginia, where the Superseding Indictment is pending.

Before the transfer was initiated on or around December 22, 2020, Mr. Woo had been detained for over two (2) months. While detained, Mr. Woo contracted COVID-19 in November. Mr. Woo ultimately arrived in Alexandria, Virginia on or around January 11, 2021 and is currently detained at Northern Neck Regional Jail in Warsaw, Virginia. An initial appearance was conducted before Magistrate Judge John F. Anderson via video conference on January 15, 2021.

For the reasons set forth herein, Mr. Woo respectfully requests that this Court conduct a *de novo* review of the October 6, 2020 Detention Order and permit him to be released from detention pending trial in this matter, due to the low likelihood that Mr. Woo will fail to appear at trial should he be released from detention in the interim and the low risk that his release will pose a risk to any individual or her community, as well as the health risk posed to Mr. Woo by continued detention during the COVID-19 pandemic.

## LEGAL ARGUMENT

### I. This Court Has the Authority to Conduct a *de novo* Review of the October 6, 2020 Detention Order.

18 U.S.C. § 3145(b) provides that a defendant, if ordered detained by a magistrate judge or "a person other than a judge of a court having original jurisdiction over the offense," may request the court having original jurisdiction over the offense to revoke or amend the detention order. 18 U.S.C. § 3145(b); *see also, United States v. Clark*, 865 F.2d 1433 (4th Cir. 1989) (noting that a defendant ordered detained by a magistrate judge may seek review under 18 U.S.C. § 3145(b)); *United States v. Cannon*, 711 F. Supp. 2d 602 (E.D.Va. 2010) (holding that the defendant ordered detained by a district judge in his arresting jurisdiction can seek revocation or

amendment of the detention order in the charging jurisdiction pursuant to 18 U.S.C. § 3145(b)). Such review should be conducted *de novo*. *United States v. Clark*, 865 F.2d 1436.

In this context, although the statute does not provide a clear definition of "the court having original jurisdiction," it is generally understood to refer to the district court in which the prosecution is pending. *United States v. El-Edwy*, 272 F.3d 149, 154 (2d Cir. 2001); *see also*, *United States v. Cannon*, 711 F. Supp. 2d 606 (citing *United States v. El-Edwy*, 272 F.3d 154).

In the instant case, for the purpose of determining jurisdiction under 18 U.S.C. § 3145(b), this Court has the original jurisdiction of the offenses alleged against Mr. Woo, since the Superseding Indictment and the pending prosecution was filed with this Court. Therefore, this Court has the authority to conduct a *de novo* review of the October 6, 2020 Detention Order.

### II.     Mr. Woo Should Be Released Pending Trial.

Pretrial detention is not favored under the current legal framework. *United States v. Davis*, 449 F. Supp. 3d 532, 535 (D. Md. 2020) (citing *United States v. Salerno*, 481 U.S. 739, 755). The pretrial detention statute, 18 U.S.C. § 3142, provides that the Court may release a defendant from detention pending trial unless it determines that: (1) such release will not reasonably assure the appearance of such person as required; or (2) such release will endanger the safety of any other person or the community. 18 U.S.C. § 3142(b), (c). The statute imposes rebuttable presumptions against release in circumstances specified under 18 U.S.C. § 3142(e)(2) and (e)(3). However, in all other circumstances, the Court should not make a presumption against release and should take into account the various factors enumerated in 18 U.S.C. § 3142(g) in making determinations as to the above-referenced two (2) inquiries.

#### 1.     There Is No Rebuttable Presumption against Pre-trial Release Present in This Matter.

In determining whether the defendant poses a risk to the safety of any other person or community, 18 U.S.C. § 3142(e)(2) provides a series of conditions which, if satisfied, would give rise to a rebuttable presumption that the defendant is likely to pose a risk to the safety of any other person or community:

> [A] rebuttable presumption arises that no condition or combination of conditions will reasonably assure the safety of any other person and the community if such judicial officer finds that—
>
> (A) the person has been convicted of a Federal offense that is described in subsection (f)(1) of this section, or of a State or local offense that would have been an offense described in subsection (f)(1) of this section if a circumstance giving rise to Federal jurisdiction had existed;
>
> (B) the offense described in subparagraph (A) was committed while the person was on release pending trial for a Federal, State, or local offense; and
>
> (C) a period of not more than five years has elapsed since the date of conviction, or the release of the person from imprisonment, for the offense described in subparagraph (A), whichever is later.

18 U.S.C. § 3142(e)(2).

18 U.S.C. § 3142(e)(3) further provides:

> Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed—
>
> (A) an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46;
>
> (B) an offense under section 924(c), 956(a), or 2332b of this title;
>
> (C) an offense listed in section 2332b(g)(5)(B) of title 18, United States Code, for which a maximum term of imprisonment of 10 years or more is prescribed;
>
> (D) an offense under chapter 77 of this title for which a maximum term of imprisonment of 20 years or more is prescribed; or

5

>   (E) an offense involving a minor victim under section 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425 of this title.

18 U.S.C. § 3142(e)(3).

None of the above-cited conditions is present in Mr. Woo's matter. Mr. Woo does not have any prior criminal history or arrest record. The offense alleged against Mr. Woo, money laundering in violation of 18 U.S.C. § 1956, is not violent in nature.

Therefore, absent the establishment of any presumption against release, the Court should evaluate Mr. Woo's eligibility for a pre-trial release based on factors illustrated in 18 U.S.C. § 3142(g), as to many of which the Government should carry the burden to show that Mr. Woo should not be released pending trial.

### 2. Mr. Woo Is Not Likely to Flee If Released Pending Trial.

The Government bears the burden to prove by a preponderance of evidence that "no combination of conditions will reasonably assure the defendant's presence at future court proceedings." *United States v. Stewart*, 19 F. App'x 46, 48 (4th Cir. 2001).

Mr. Woo is a United States citizen and has been living in the Los Angeles, California area since 1997. He has strong family and social ties in this community as well as in the United States. Mr. Woo has been married to his wife, Ms. Yuan Ting Deng, for almost three (3) years. They have two (2) very young children together. One is eighteen (18) months old and the other is only nine (9) months old. Mr. Woo's presence is important to his family, as his wife does not speak English and their children are very young and require extensive care.

Mr. Woo also undertakes the responsibility of taking care of his parents, who are both in their seventies and retired.[1] Mr. Woo's parents are also United States citizens and reside in the Los Angeles area in California. Since Mr. Woo's parents cannot speak English, Mr. Woo used to help them on a regular basis.

Mr. Woo graduated from University of California, Irvine in 2005, majoring in Information and Computer Science. He also attended community college. Prior to the arrest, Mr. Woo has been employed and working as a manager for LU Trading Inc. ("LU Trading") at 955 N Sunrise Lane, Unit B, Azusa, California 91702. Mr. Woo received a monthly salary of $1,800, plus any available share of profit. Prior to his job at LU Trading, Mr. Woo had worked for two (2) other companies as a manager. He had also worked other jobs while attending schools.

These circumstances indicate that Mr. Woo is unlikely to flee if released pending trial, as his family, which maintains a strong tie in the United States, is heavily dependent on him, and he had steady income from employment as well as an almost continuous employment record prior to arrest. Mr. Woo's parents have also agreed to serve as a third-party custodian should the Court require a custodian to be appointed upon Mr. Woo's release pending trial. On the other hand, having graduated from the University of California, Irvine, Mr. Woo is well-educated and is able to comprehend and comply with the conditions imposed upon a pre-trial release.

### 3. Mr. Woo Is Not Likely to Pose a Danger to the Safety of Any Other Person or the Community If Released Pending Trial.

---

[1] Mr. Woo's parents have offered to serve as a third-party custodian and are available to speak with Pre-Trial Services or any Court agency as to their fitness to serve in this capacity.

The Government bears the burden of proving by a clear and convincing evidence that "no condition or combination of conditions will reasonably assure the safety of any other person and the community." *United States v. Davis*, 449 F. Supp. 3d 532, 534 (D. Md. 2020).

Mr. Woo does not have any known prior criminal history before this matter. He never uses drugs. He does not smoke or has alcohol abuse problems, either. There is no indication from Mr. Woo's prior experience that he has any tendency to pose danger to the community. Instead, Mr. Woo is a warm-hearted person who cares about his family as well as others who are less fortunate. He used to support poor children via World Vision when he was financially able to do so. He also has been taking care of his family as a responsible husband, father, and son.

Pursuant to a study conducted by the United States Sentencing Commission, Mr. Woo presents a very low risk of recidivate from at least two (2) dimensions. On one hand, Mr. Woo does not have any prior criminal history, placing him among the least likely offenders to recidivate. On the other hand, people with a college degree presented a very low rate of recidivism, which is 19.1%, compared to other groups, for example, the rate for people who did not graduate from high school, which is 60.4%. *See*, United States Sentencing Commission, *Recidivism Among Federal Offenders: A Comprehensive Overview* (2016), available at: https://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2016/recidivism_overview.pdf.

Therefore, it is unlikely that Mr. Woo would pose a danger to any other person or community, or otherwise engage in any illegal activities, if released.

### 4. Taking into Consideration the Factors Illustrated by 18 U.S.C. § 3142(g), Detention Pending Trial Is Not Necessary.

8

18 U.S.C. § 3142(g) illustrates the following factors to be considered by the Court in determining whether there are conditions of release that will reasonably assure the appearance of the person as required:

> "(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including—
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. In considering the conditions of release described in subsection (c)(1)(B)(xi) or (c)(1)(B)(xii) of this section, the judicial officer may upon his own motion, or shall upon the motion of the Government, conduct an inquiry into the source of the property to be designated for potential forfeiture or offered as collateral to secure a bond, and shall decline to accept the designation, or the use as collateral, of property that, because of its source, will not reasonably assure the appearance of the person as required."

18 U.S.C. § 3142(g).

Mr. Woo is charged with only one (1) count of money laundering in violation of 18 U.S.C. § 1956, which is an offense that does not involve violence or controlled substances. While the information in the Superseding Indictment is limited, it would appear that, even if true, the allegations portray Mr. Woo as the least culpable defendant charged. As noted in prior sections, Mr. Woo does not have prior criminal history and has always been a law-abiding

citizen. Mr. Woo maintains significant ties with his family as well as his local community. He was not on probation, on parole, or on any other release pending judicial proceedings with any federal or state authorities when he was arrested.

Therefore, a totality of these factors and circumstances also indicate that it is not necessary to keep Mr. Woo detained pending trial.

### III. The Spread of COVID-19 Within Federal Detention Facilities Further Warrants Mr. Woo's Release Pending Trial.

The ongoing COVID-19 pandemic warrants Mr. Woo's release from detention pending trial both to reduce his risk of contracting the virus and to provide relief to the overburdened federal detention system.

District courts around the country have also begun to recognize the risks posed by COVID-19 to federal inmates. *See, e.g., United States v. Davis*, 449 F. Supp. 3d 532, 536-38 (D. Md. 2020) (noting that "[s]ocial distancing in a pretrial facility is nearly impossible for anyone who enters its doors, especially detainees," and that this makes the "transmission of COVID-19 more likely."); *United States v. Grimes*, 2020 U.S. Dist. LEXIS 100614, at *14 (E.D. Pa. June 9, 2020) (granting the defendant's motion for pretrial release due to the defendant's history of respiratory disease); *United States v. Carter*, 2020 U.S. Dist. LEXIS 111541, *13 (S.D.W.V. 2020) ("the unprecedented magnitude of the COVID-19 pandemic and the extremely serious health risks that it presents for all of us, including, and perhaps especially, those individuals who are 'presently detained in federal custody.'"), quoting *United States v. Wiggins*, 2020 U.S. Dist. LEXIS 64941 (D. D.C. 2020).

Notably, during the time when Mr. Woo was detained at the MDC Los Angeles facility and awaited to be transferred to Alexandria, Virginia, he contracted the virus in November 2020, which is around only one (1) month after he was taken in custody. His infection indicates that

10

the virus has been spreading in the MDC Los Angeles facility and the control of the virus in this facility is far from satisfactory.

Detention facilities in Virginia, also, is significantly impacted by COVID-19. Pursuant to information published by the Alexandria Sheriff's Office, after two (2) inmates were found to have COVID-like symptoms on December 18, 2020, COVID-19 tests were conducted for 278 inmates on December 29, 2020. The tests revealed that 78 inmates were infected with the virus, and that the virus had spread to at least three (3) housing units. *See*, City of Alexandria, Inmates Test Positive for COVID-19, available at: https://www.alexandriava.gov/sheriff/default.aspx?id=119464. The Sheriff's Office also noted that COVID-19 has "had a detrimental effect on the staffing at the Adult Detention Center and has impeded operations. This limit's staff's ability to give inmates reasonable amount of time out of their cells."

In nearby Fairfax County, a recent COVID outbreak at the Fairfax County Jail resulted in the death of a Sheriff's Deputy on January 12, 2021. This was after 13 inmates and 19 sheriff's employees tested positive for the virus, despite the numerous precautions taken to avoid the spread of the virus. *See*, DCist, Fairfax County Sheriff's Deputy Dies of COVID-19 Amid Outbreak at Jail, available at: https://dcist.com/story/21/01/12/fairfax-county-sheriffs-deputy-dies-of-covid-19/.

It is possible that Mr. Woo could be reinfected by the virus, as there has emerged cases of reinfections with COVID-19. *See*, Centers for Disease Control and Prevention ("CDC"), Reinfection with COVID-19, available at: https://www.cdc.gov/coronavirus/2019-ncov/your-health/reinfection.html. During this time of uncertainty, the CDC recommends that people who have been infected by COVID-19 once should still follow proper social distancing and hygiene guidelines to protect themselves. *See, id.* A recent study has also found that an individual may be

11

infected by a type of COVID-19 virus which is genetically distinct from the one that infected such individual earlier, and therefore, one occasion of COVID-19 infection may not guarantee a complete immunity from any and all COVID-19 viruses. *See*, Richard L. Tillett, PhD, Joel R. Sevinsky, PhD, et al., *Genomic Evidence for Reinfection with SARS-CoV-2: A Case Study*, Lancet Infectious Diseases (2020) (published online), DOI: https://doi.org/10.1016/S1473-3099(20)30764-7.

Among other things, the CDC recommends that individuals should maintain a distance of at least six (6) feet from others, to avoid close contact with people who are sick, and to cover their mouth and nose with a mask when around others. *See*, CDC, How to Protect Yourself & Others, available at https://www.cdc.gov/coronavirus/2019-ncov/prevent-getting-sick/prevention.html. The CDC's recommendations are, obviously, very difficult, if not impossible, to achieve within the confines of a federal prison facility. Mr. Woo's previous infection has also illustrated how easily a person could contract the virus in the MDC Los Angeles facility and potentially in other detention facilities.

Moreover, Mr. Woo's health condition has declined after he recovered from the COVID-19 infection, especially the acuteness of his smell and taste. During his battle against the virus, he experienced various symptoms such as fever, chest pain, muscle pain, headache, and difficulty in breathing, but he only received minimum treatment from the MDC Los Angeles facility. Instead, during his quarantine for over twenty (20) days, he was provided three (3) cold sandwiches every day. This condition raises reasonable concern as to Mr. Woo's safety if his detention should continue, as there exists risk that he could be reinfected with COVID-19 and, if so, he might not receive adequate care to help him recover and rehabilitate.

Accordingly, given the condition in detention facilities as well as Mr. Woo's declined health condition due to his prior infection of COVID-19, Mr. Woo should be released pending trial to reduce the risk of reinfection.

### IV. The Court Can Order Conditions Pursuant to 18 U.S.C. § 3142(b) and (c) to Help Ensure that Mr. Woo Does Not Flee Pending Trial.

18 U.S.C. § 3142(b) permits the Court to release a defendant on his personal recognizance. Alternatively, if the Court determines that release on such defendant's personal recognizance "will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community," the Court may impose various conditions on such defendant's release pursuant to 18 U.S.C. § 3142(c). These potential conditions include, among others, the following which may be appropriate in this matter:

> "(i) remain in the custody of a designated person, who agrees to assume supervision and to report any violation of a release condition to the court, …; …
>
> (iv) abide by specified restrictions on personal associations, place of abode, or travel;
>
> (vi) report on a regular basis to a designated law enforcement agency, pretrial services agency, or other agency;
>
> (vii) comply with a specified curfew; …
>
> (xi) execute an agreement to forfeit upon failing to appear as required, property of a sufficient unencumbered value, including money, as is reasonably necessary to assure the appearance of the person as required …; …
>
> (xiv) satisfy any other condition that is reasonably necessary to assure the appearance of the person as required and to assure the safety of any other person and the community."

18 U.S.C. § 3142(c)(1)(B).

13

Though Mr. Woo is at low risk of light or danger to the community should he be released pending trial, there are nonetheless conditions which may be placed upon such release if the Court feels it appropriate. For example,

- Participate in home detention with electronic location monitoring as directed by the Court or probation officer, the costs of which shall be paid by Mr. Woo as deemed appropriate by the probation officer;
- Submit to the installation of computer monitoring software on all electronic devices and allow the probation officer to monitor said devices as necessary;
- Reside in the custody of a suitable third-party custodian;
- Mr. Woo shall have no contact with any witnesses or alleged co-conspirators to the instant offense unless in the presence of counsel.

As noted *infra* at page 7, Mr. Woo's parents, Mr. Su Nin Woo and Ms. Li Ping Situ, have agreed to serve as a third-party custodian for Mr. Woo should the Court require a third-party custodian to be appointed. Mr. Woo also is willing to abide by any such conditions should the Court grant this Motion and order Mr. Woo to be released pending trial in this matter.

## CONCLUSION

For all of the foregoing reasons, the Defendant respectfully requests, by and through Counsel, that the Court grant the foregoing Motion and order that Mr. Woo be released from detention pending trial in this matter, as well as any granting other relief that the Court deems appropriate. The Defendant requests the opportunity for Counsel to present oral argument in support of this Motion, if the Court should deem it appropriate.

Respectfully Submitted,

Patrick A. Mullin, Esq.
Virginia Bar No. 91466
The Law Offices of Patrick A. Mullin
45 Rockefeller Plaza
Suite 2000
New York, New York 10111
Phone: (804) 259-2500
Fax: (201)242-9610
Mullin@TaxDefense.com
Attorney for Defendant, Eric Yong Woo

Dated:  15 January, 2021
        Fort Lee, New Jersey

## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ] | Hon. Leonie M. Brinkema, U.S.D.J. |
| Plaintiff | ] | |
| v. | ] | No. 1:19-cr-334 |
| ERIC YONG WOO, et al. | ] | Criminal Action |
| Defendant. | ] | |
| | ] | |

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of January, 2021, a true and correct copy of the within **DEFENDANT'S MOTION FOR RELEASE PENDING TRIAL** was electronically filed via the ECF system for the U.S. District Court for the Eastern District of Virginia, with electronic notice sent to: (a) David Alexander Peters, Assistant United States Attorney, U.S. Attorney's Office (Alexandria), 2100 Jamieson Avenue, Alexandria, Virginia 22314; (b) Kerry Blackburn, Assistant United States Attorney, U.S. Attorney's Office (Alexandria), 2100 Jamieson Avenue, Alexandria, Virginia 22314; and (c) Mary K. Daly, Assistant United States Attorney, U.S. Attorney's Office (Alexandria), 2100 Jamieson Avenue, Alexandria, Virginia 22314.

Respectfully Submitted,

Patrick A. Mullin, Esq.

Dated: 15 January, 2021
Fort Lee, New Jersey