IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA,   : | |
| : | |
| v.   : | |
| : | Case No.:  1:19-CR-334-LMB |
| ERIC YONG WOO,   : | |
| Accused.   : | |

**MOTION AND INCORPORATED MEMORANDUM IN SUPPORT FOR
<u>RECONSIDERATION OF DEFENDANT'S MOTION FOR RELEASE</u>**

Comes now, the defendant ERIC YONG WOO, by and through counsel and moves this Honorable Court to reconsider his previously filed emergency motion for release. In support of which, counsel states the following:

**I.   Legal Predicate**

   **A.  Reconsideration is Permissible.**

"Although not expressly authorized by the Federal Rules of Criminal Procedure, motions for reconsideration are allowed in criminal cases." *United States v. Jones*, 916 F. Supp. 2d 83, 86 (D.D.C. 2013). Reconsideration is appropriate when there exists "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (internal quotations and citation omitted). Manifest injustice or clear error can include "legal errors the court made," *Zyko v. Dep't of Defense*, 180 F. Supp. 2d 89, 91 (D.D.C. 2001), or conclusions "premised on factual error," *Ali v. Carnegie Inst. of Washington*, 309 F.R.D. 77, 83 (D.D.C. 2015) (citing *Ciralsky v. CIA*, 355 F.3d 661, 671 (D.C. Cir. 2004)). While no Federal Rule of Criminal Procedure specifically provides for motions for reconsideration in criminal cases, the Supreme Court has

recognized, in dicta, the utility of such motions. *In re Liuksila*, 133 F. Supp. 3d 249, 255 (D.D.C. 2016) (citing *United States v. Ferguson*, 574 F. Supp. 2d 111, 113 (D.D.C. 2008)).

### B. Appropriate Detention Factors

Detention and release are governed by the Bail Reform Act (BRA), 18 U.S.C. § 3142, *et seq*. The BRA instructs the Court to seek "the least restrictive further condition or conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community." *Id*. § 3142(c)(1)(B). If a detention ruling is based on a defendant's danger to the community, the Court must make the finding by clear and convincing evidence. *United States v. Stewart*, 19 F. App'x 46, 48 (4th Cir. 2001) (*per curiam*).

The Court's determination is governed by four factors:

1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1951, a federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive or destructive device;

2) The weight of the evidence against the person;

3) The history and characteristics of the person, including -

   A. The person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

   B. Whether, at the time of the current offense or arrest, the person was on probation, on parole, or other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

  4)  The nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g).

When considering whether there are any conditions of pretrial release "that will reasonably assure" a particular defendant's appearance in court, and the safety of the community, 18 U.S.C. § 3142(f), Congress carefully prescribed these four factors that a court must consider. *Id.* § 3142(g).

## II. ARGUMENT

### A. Nature and Circumstances of the Offense.

The first statutory factor requires the Court to consider "the nature and circumstances of the offense charged, including whether the offense is a crime of violence." 18 U.S.C. § 3142(g)(1). Mr. Woo has pled guilty to a single count of conspiracy to commit money laundering. The offense involved the participation of multiple conspirators. The BRA, of course, requires a reviewing court to "assess the specific conduct of each defendant." *United States Chrestman*, No. 21-mj-218 (ZMF), 2021 WL 765662, at *7 (D.D.C. Feb. 26, 2021). The reviewing court should evaluate the nature and circumstances of Mr. Woo's specific conduct, then consider the different factors that warrant potential detention for his participation. *Id.*

In the instant case, the allegations against Mr. Woo are summarized in the Statement of Facts filed in connection with his Plea Agreement. Essentially, Mr. Woo was a low-level participant in the conspiracy. The Statement of Facts detail his involvement in a single trip from Los Angeles, California to Chicago, Illinois. Mr. Woo was paid $1,500.00 to accompany a co-conspirator on the trip to pick up bulk currency and return with it. The event did not involve the use of carrying of any firearms. It involved no acts of violence.

### B. History and Characteristics of the Defendant.

Mr. Woo's history and characteristics weigh in favor of release. Mr. Woo is a father of minor children. Prior to his detention in this matter he was actively involved in the care and

3

maintenance of his children. He does not have a lengthy criminal record. Prior to his detention Mr. Woo was gainfully employed and maintained a stable residence with his wife.

### C. Danger to Community.

In the course of this Court's consideration of motions for pretrial release or detention, the goal is to ensure that the pretrial release of a defendant will not imperil "the safety of any other person and the community." § 3142(g)(1). There is simply no evidence that Mr. Woo represents a danger to the community. As previously noted, Mr. Woo does not have a criminal record. The instant case does not involve any acts of violence.

### D. Risk of Flight

Mr. Woo's potential sentence further mitigates in favor of release. As the Court is aware, the terms of Mr. Woo's plea agreement includes a stipulation by the parties concerning the applicable federal sentencing guidelines. The parties have agreed that Mr. Woo's likely advisory range would be 30-37 months. Mr. Woo has served approximately 10 months in pretrial custody. A sentence at the low end of the guidelines absent any downward variance or departure would result in Mr. Woo being required to serve an additional 15 months.

Unlike at the time of this Court's initial determination to detain Mr. Woo, a lengthy prison sentence is unlikely. Therefore, the motive to flee has been abated. Instead of facing years in prison Mr. Woo is now likely to serve no more than a few months.

### III. Conclusion

For the reasons stated herein and those that may become evidence at any hearing, Mr. Woo respectfully requests that this Honorable Court enter an order setting conditions of release.

I ASK FOR THIS:

_____

Robert L. Jenkins, Jr., Esq.
Bynum & Jenkins Law
Virginia State Bar No.: 39161
1010 Cameron Street
Alexandria, VA  22314
(703) 309 0899 Telephone
(703) 229 8652 Fax
RJenkins@BynumAndJenkinsLaw.com
Counsel for Defendant ERIC YONG WOO

## CERTIFICATE OF SERVICE

       I hereby certify that I caused a true and accurate copy of the foregoing to be served on all counsel of record via ECF on this June 21, 2021.

_____
Robert L. Jenkins, Jr., Esq.
Bynum & Jenkins Law
VIRGINIA STATE Bar No.:  39161
1010 Cameron Street
Alexandria, VA  22314
(703) 309 0899 Telephone
(703) 229 8652 Fax
RJenkins@BynumAndJenkinsLaw.com
Counsel for Defendant ERIC YONG WOO