IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 1:19-CR-334 |
| ERIC YONG WOO,<br>a/k/a "Nan Li," | The Honorable Leonie M. Brinkema |
| Defendant. | Sentencing Date:  September 21, 2021 |

## POSITION OF THE UNITED STATES WITH RESPECT TO SENTENCING

The United States of America, through undersigned counsel, in accord with 18 U.S.C. § 3553(a) and the United States Sentencing Commission, Guidelines Manual (USSG), § 6A1.2 (2018), hereby files this Position of the United States with Respect to Sentencing in this case. The government has reviewed the Presentence Report and concurs with the findings of the Probation Office.  The defendant's total offense level under the USSG is 19, which at his Criminal History Category of I, yields a guidelines range of 30 – 37 months.  The government respectfully submits that a sentence of 30 months is reasonable and appropriately accounts for the factors set forth under 18 U.S.C. § 3553(a), including the need to avoid unwarranted sentencing disparities.

The government agrees that the defendant has assisted authorities in the prosecution of his own misconduct by timely notifying the government of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently.  The government moves for a one-level reduction pursuant to U.S.S.G. § 3E1.1(b).  The Probation Office has taken this

reduction into account in its Guidelines calculation and it is reflected in paragraph 60 of the Presentence Report.

<u>BACKGROUND</u>

The defendant Eric Yong Woo was a member of a money laundering organization, led by Xizhi Li ("X. Li") and others, which had direct contact with foreign drug trafficking organizations (DTOs) to obtain contracts to move and launder illegal drug proceeds in return for commissions. The organization used a complex methodology, known as "trade-based money laundering," in which drug proceeds are used to purchase goods, and value is transferred between countries through "mirror transactions" and/or the export and sale of goods. This money laundering methodology facilitates the movement of illegal drug proceeds from the U.S. to Mexican DTOs in a manner that conceals the nature and source of the proceeds and avoids the risk of detection associated with wiring funds between financial institutions.

The defendant and his co-conspirators went to great lengths to conceal the nature, source, ownership, and control of the drug proceeds they laundered. When illegal drug sales in the United States generated bulk cash, money couriers would transport the cash across the United States so that other members of the conspiracy could conduct additional financial transactions in a different location from the state where the drugs were sold. Further, members of the money laundering conspiracy used bank accounts in the United States, China, Mexico, and elsewhere, including accounts opened under fictitious identities, to conduct financial transactions with drug proceeds. Certain members of the conspiracy, including X. Li, regularly used false identities and fraudulent identification documents to cover their tracks. Finally, members of the conspiracy relied on end-to-end encrypted communications applications, such as "We Chat" and "Whats App," to communicate about their unlawful activities without fear of detection by law

enforcement.

The defendant was a U.S.-based member of the money laundering conspiracy who assisted in the transportation of drug proceeds within the U.S.  On March 2, 2016, the defendant and his co-conspirator, George Yu, flew together from Los Angeles to Chicago for the purpose of picking up cash on behalf of X. Li and transporting it back to Los Angeles.  Upon arriving in Chicago, the defendant rented a car and drove Yu to a parking lot in the greater Chicago area, where Yu retrieved approximately $300,000 in drug proceeds from an unknown individual while the defendant waited in the car.  The defendant and Yu drove the drug proceeds back to Los Angeles in the rental vehicle.

Beyond assisting with the physical transportation of drug proceeds, the defendant worked with others to obtain fraudulent identity documents for use in money laundering activities.  In November 2016, for example, the defendant traveled to Suriname to obtain fraudulent passports from Xizhi Li's contacts in that country.

On September 24, 2020, a federal grand jury sitting in the Eastern District of Virginia returned a fourteen-count Superseding Indictment charging the defendant in Count Three with conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h).   On September 30, 2020, the defendant was arrested in the Central District of California on the warrant originating from the Superseding Indictment in this district, and he has been in federal custody since then.[1]

On June 16, 2021, the defendant pleaded guilty, pursuant to a plea agreement, to Count Three of the Superseding Indictment.  The defendant will appear before the Court for sentencing

---

[1] The defendant has no additional criminal history aside his conviction for Count Three of this Superseding Indictment.

3

on Tuesday, September 21, 2021.

ANALYSIS OF SENTENCING FACTORS

I.      Overview of Applicable Law

Although the United States Sentencing Guidelines are advisory, *United States v. Booker* provides that a sentencing court "must consult those Guidelines and take them into account when sentencing."  543 U.S. 220 (2005).  "[A] district court shall first calculate (after making the appropriate findings of fact) the range prescribed by the guidelines.  Then, the court shall consider that range as well as other relevant factors set forth in the guidelines and those factors set forth in Section 3553(a) before imposing the sentence.  *United States v. Hughes*, 401 F.3d 540, 546 (4th Cir. 2005).

Under Title 18, United States Code, Section 3553, the Court must consider the nature and circumstances of the offense and the characteristics of the defendant.  In addition, the Court must consider other factors, including the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; [and] to afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(A) & (B).  The Court must consider the need for the sentence imposed to protect the public from further crimes of the defendant, and to provide the defendant with needed correctional treatment. 18 U.S.C. § 3553(a)(2)(C) and (D).  The Court must also consider the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. 18 U.S.C. § 3553(a)(6).

II.     Sentencing Recommendation

The government submits that a sentence of 30 months, at the low end of the guidelines, is warranted to account for the nature and circumstances of the offense and the seriousness of the

defendant's criminal conduct.  Although the defendant is not eligible for a minor role reduction, he played a lesser role in the money laundering conspiracy than his co-conspirators, Xueyong Wu and George Yu, both of whom received 60-month sentences.  Indeed, the government's evidence shows that the defendant took one trip with George Yu to transport drug proceeds for the money laundering organization, while George Yu transported drug proceeds on multiple occasions. Further, while the defendant sought to use X. Li's contacts in Suriname to procure fraudulent identification documents, the defendant never met X. Li and did not know him personally.  Rather, the defendant's main connection to X. Li, a leader of the money laundering conspiracy, was through George Yu.  The defendant played the role of a money courier and/or a broker throughout the conspiracy.  The government's evidence did not reveal that the defendant had any direct ties to DTOs.

Under the circumstances, the government submits that a sentence of 30 months would be reasonable and "sufficient, but not greater than necessary, to comply with the purposes set forth in [18 U.S.C. § 3553(a)(2)]."  18 U.S.C. § 3553(a).

<u>CONCLUSION</u>

For the foregoing reasons, the government recommends that the Court impose a sentence of at least 30 months of imprisonment.

Respectfully submitted,

Deborah Connor, Chief
Money Laundering and Asset Recovery
Section
Criminal Division
U.S. Department of Justice

By:     <u>/s/ Mary K. Daly</u>
Mary K. Daly
New York Bar (4263265)
Trial Attorney
Money Laundering and Asset Recovery
Section, Criminal Division
U.S. Department of Justice

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 14, 2021, I filed the foregoing with the Clerk through

CM/ECF, and provided an electronic copy to Robert L. Jenkins, Jr., Esq., counsel for the defendant.


_____//s//_____
David A. Peters
Assistant United States Attorney
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, VA 22314
Phone: (703)299-3700
Fax: (703)837-8242