IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | |
| v.   : | Case No.: **19cr334** |
| : | |
| ERIC YONG WOO,   : | |
| Defendant.   : | |

**DEFENDANT'S MEMORANDUM IN AID OF SENTENCING**

Pursuant to Section 6A1.2 of the *Federal Sentencing Guidelines* the defendant, ERIC YONG WOO, comes now submits the following:

### I.   Presentence Report Objections

The defendant does not object o any fact or factor which may impact the calculation of the advisory federal sentencing guidelines found in the presentence investigative report.

### II.   Sentencing Factors

A sentencing court is required to consider the guidelines ranges, *see* 18 U.S.C.A 3553(a)(4)(Supp. 2004), but is permitted to tailor the sentence in light of other statutory concerns as well.  Specifically, 18 USC 3553(a) notes:

> The court shall impose a sentence **sufficient, but not greater than necessary,** to comply with the purposes set forth in paragraph (2) of this subsection.  The court, in determining the particular sentence to be imposed, shall consider—
> (1)   the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2)   the need for the sentence imposed—
>    (A)   to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>    (B)   to afford adequate deterrence to criminal conduct;

  (C) to protect the public from further crimes of the defendant; and
  (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available;
(4) the kinds of sentence and the sentencing range established for—
  (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, and that are in effect on the date the defendant is sentenced; or
  (B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code;
(5) any pertinent policy statement issued by the Sentencing Commission pursuant to 28 U.S.C. 994(a)(2) that is in effect on the date the defendant is sentenced;
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense.

The Supreme Court has described the process for imposing a sentence under the advisory sentencing guidelines as follows:

> [A] district court should begin all sentencing proceedings by correctly calculating the applicable [United States Sentencing] Guidelines range. As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark. The Guidelines are not the only consideration, however. Accordingly, after giving both parties an opportunity to argue for whatever sentence they deem appropriate, the district judge should then consider all of the [18 U.S.C.] §3553(a) factors to determine whether they support the sentence requested by a party. In so doing, he may not presume that the Guidelines range is reasonable. He must make an individualized assessment based on the facts presented. If he decides that an outside-Guidelines sentence is warranted, he must consider the extent of the deviation and ensure that the justification is sufficiently compelling to

>support the degree of the variance…[A] major departure should be supported by a more significant justification than a minor one. After settling on the appropriate sentence, he must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing.

*Gall v. United States,* 128 S.Ct. 586, 596-97 (2007)(citations and footnote omitted; *see also Kimbrough v. United States*, 128 S.Ct. 558, 569-70 (2007).

The defendant submits a sentence of time served would be **sufficient, but not greater than necessary.**

### A. Advisory Sentencing Guidelines

This Honorable Court must consider the advisory sentencing guidelines. The presentence report calculates the guideline sentencing range as 30-37 months. This is a result of the defendant being a criminal history category I and an adjusted offense level of 19. For the reasons detailed below, the defendant submits a sentence which deviates from the guidelines is appropriate.

### B. § 3553(a) Sentencing Factors

In addition to considering the advisory sentencing range recommended under the federal sentencing guidelines, and statutory restrictions this Honorable Court must also consider the sentencing factors set forth in § 3553(a). In particular, the defendant highlights his history and characteristic, the offense conduct, need to deter, and need to avoid unwarranted sentencing disparities. The defendant submits an application of these factors to the case at bar leads to the conclusion that a sentence of time served would be appropriate.

#### 1. History and Characteristic of The Defendant

3

Mr. Woo is a naturalized citizen born in China. He migrated to the United States as a small child. He is married and a father of minor children. He is a college graduate with a well documented work history. Along with Mr. Woo, his parents and older brother reside in California. As noted above, Mr. Woo is a criminal history category I. This is his first felony conviction. There is nothing about his history which would suggest he has ever engaged in violent behavior. The defendant submits his history and characteristic supports a sentence of time served.

2. **Nature and Circumstances of the Offense**

The nature and circumstances of the offense for which defendant has entered her plea are very familiar to this Honorable Court. Mr. Woo played a relatively minor role in the vast money laundering conspiracy for which he pled guilty. Unlike others convicted in this matter, Mr. Woo did not gain significant profit from his participation. Mr. Woo's principle role was to assist others with the transportation of bulk cash, and permit a co-conspirator with the establishment of a bank account. Much of the cash laundered were derived from narcotics distribution. However, Mr. Woo was unaware of this fact. Mr. Woo acknowledges his criminal wrong doing. However, the Court should acknowledge his relative culpability. The defendant submits a sentence of time served would adequately account for his role in the offense.

3. **Need to Deter**

Mr. Woo has been incarcerated since the date of his arrest on September 30, 2020. At the time of sentencing Mr. Woo will have served approximately a year in jail. It can not be ignored that during the majority of his incarceration he has been without the benefit

of family visits. As noted above, his family resides principally in California. The impact of the COVID-19 pandemic on the conditions of his incarceration also should not be ignored. During much of his incarceration Mr. Woo has been in isolation for extended periods of time. Many programs and activities normally available to inmates have been suspended. There have been little opportunities for him to work to improve himself or occupy his time in a productive fashion. Most significantly he has lived the past 12 months with the heightened possibility of contracting the deadly coronavirus.

While this is his first period of incarceration, it has been impactful. Mr. Woo understands and fully appreciates the errors of his ways. His time locked away from his wife and children have forced him to focus of the need to remain crime free. His incarceration has has interrupted his legitimate business operations and frustrated his ability to provide for his young family.

There is no question Mr. Woo has been sufficiently deterred. There is no reason to believe further incarceration would benefit Mr. Woo or the greater society. Again, Mr. Woo submits a sentence of time served would be appropriate.

### 4. Need to Avoid Unwarranted Disparities

A sentence of time served would also be consistent with the other sentences imposed by this Honorable Court. As the Court is aware, other low level participants in this offense have received sentence which deviate from the advisory guideline range. Mr. Woo's criminal history and role and the offense both suggests that he is worthy of the same favorable treatment.

5

Respectfully submitted,
ALEXANDRA GUZMAN-BEATO,
By Counsel


_____/S/_____
Robert L. Jenkins, Jr.
Bynum & Jenkins Law
1010 Cameron Street
Alexandria, VA  22314
703 309 0899 Telephone
703 229 8652 Fax
RJenkins@BynumAndJenkinsLaw.com
Counsel for Defendant ERIC YONG WOO

**CERTIFICATE OF SERVICE**

      I hereby certify that on September 14, 2021, I caused a true and accurate copy of the foregoing was not served on all counsel of record via ECF.

      _____/S/_____
Robert L. Jenkins, Jr.
Bynum & Jenkins Law
1010 Cameron Street
Alexandria, VA  22314
703 309 0899 Telephone
703 229 8652 Fax
RJenkins@BynumAndJenkinsLaw.com
Counsel for Defendant ERIC YONG WOO